UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-MJ-8086-BER

UNITED STATES OF AMERICA

v.

NIKA MACHUTADZE,

      **Defendant.**

_____/

## SECOND JOINT MOTION TO CONTINUE ARRAIGNMENT AND FOR A FINDING OF EXCLUDABLE DELAY

The United States of America ("Government"), by and through undersigned counsel, and counsel for defendant Nika Machutadze hereby file this joint motion to continue arraignment in the above-referenced matter to July 31, 2026, or a date thereafter, and for a finding that the time between the filing of the instant motion and the continued arraignment is excludable. As reasons therefore, the parties submit the following:

1.      On January 30, 2026, the Defendant was arrested in the Western District of Texas on a criminal complaint charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h).[1] ECF No. 1; *see also United States v. Machutadze*, Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 1.

2.      On February 2, 2026, the Defendant had his initial appearance in the U.S. District Court for the Western District of Texas. *United States v. Machutadze*, Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 3.

_____

[1] The first joint motion to continue erroneously lists this date as January 29, 2026. The correct date is January 30, 2026.

1

3.       On February 11, 2026, the Western District of Texas ordered the Defendant committed to this District. Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 11. Upon motion of the Government, the Court set the Defendant's arraignment date for April 17, 2026, and found that the period between the Defendant's commitment to the Southern District of Florida and his arraignment was properly excluded under the Speedy Trial Act. Case No. 26-MJ-8086-BER (S.D. Fla.) ECF No. 7.

4.       On March 20, 2026, the Defendant had his initial appearance before this court, during which he waived his right to a detention hearing and agreed to pretrial detention. *Id.* ECF No. 16.

5.       Counsel for the Government and counsel for the defendant are actively discussing a potential pre-indictment resolution of this case, and counsel for the defendant is reviewing discovery. A meeting between the parties is currently set for May 29, 2026. The parties respectfully request that the Defendant's arraignment and preliminary hearing be continued by eight weeks, until July 31, 2026, to allow the parties to continue these discussions.

6.       Under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In deciding whether to grant a continuance requested under this provision, the Court shall consider—among other factors— "[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 19 U.S.C. § 3161(h)(7)(B)(ii).

7.     Here, the complex nature of the case—due not just to the scope and complexity of discovery, but also the existence of numerous related cases, as set out by the Government in its motion of March 10, 2026—strongly supports a continuance. Discovery in this matter involves not only records associated with dozens of bank accounts but also extremely voluminous claims data associated with millions of Medicare beneficiaries, hours of video surveillance, and substantial search warrant returns.[2]

8.     Furthermore, permitting continued discussions between the Government and the defendant will provide the Defendant with adequate time to consider whether he wishes to reach a pre-indictment resolution of this matter or to proceed to trial.

9.     The Government therefore respectfully requests that the Court find that the period between the filing of this motion, on June 1, 2026, and July 31, 2026, should be excluded pursuant to at least 18 U.S.C. §§ 3161(h)(7)(B)(ii) on the basis of the Court's finding that: (1) the ends of justice served by the continuance outweigh the best interest of the public and Defendant in a speedy trial, and (2) the unusual complexity of the case requires additional time be allowed for the Defendant's preparation for trial and pretrial proceedings.

10.     Neither the Government, the Defendant, the public, nor the Court would be prejudiced by the granting of this motion. The Government consulted with defense counsel, who indicates he joins in this motion to continue the arraignment and to exclude Speedy Trial time. Accordingly, the parties respectfully request that the Court set the Defendant's arraignment and preliminary hearing for July 31, 2026, or a date thereafter, and exclude under the Speedy Trial Act

---

[2] To that end, the Government has also filed a motion for protective order which remains pending before the court. *Id.*, ECF No. 21.

the time between the filing of this motion and the Defendant's continued arraignment and preliminary hearing.

Dated: June 1, 2026

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

LORINDA LARYEA, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By:   /s/ Claire M. Horrell
Claire M. Horrell
FL Special Bar No. A5503342
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
claire.horrell@usdoj.gov
Cell: (202) 285-5630

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 1, 2026, a true and correct copy of the foregoing was filed

and served on all counsel of record via the CM/ECF system.


By:     */s/ Claire M. Horrell*
        Claire M. Horrell