UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-MJ-8086-BER

UNITED STATES OF AMERICA

v.

NIKA MACHUTADZE,

    Defendant.

_____/

## THIRD JOINT MOTION TO CONTINUE ARRAIGNMENT AND FOR A FINDING OF EXCLUDABLE DELAY

The Defendant, Nika Machutadze, together with the United States of America ("Government"), hereby respectfully moves this Court for an order continuing the arraignment in the above-referenced matter to August 28, 2026, or a date thereafter, and finding excludable the time between the filing of the instant motion and the continued arraignment. As reasons therefore, the parties submit the following:

1.      On January 30, 2026, the Defendant was arrested in the Western District of Texas on a criminal complaint charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). ECF No. 1; *see also United States v. Machutadze*, Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 1.

2.      On February 2, 2026, the Defendant had his initial appearance in the U.S. District Court for the Western District of Texas. *United States v. Machutadze*, Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 3.

3.      On February 11, 2026, the Western District of Texas ordered the Defendant committed to this District. Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 11. Upon motion of the Government, the Court set the Defendant's arraignment date for April 17, 2026, and found

1

that the period between the Defendant's commitment to the Southern District of Florida and his arraignment was properly excluded under the Speedy Trial Act. ECF No. 7.

4.      On March 20, 2026, the Defendant had his initial appearance before this court, during which he waived his right to a detention hearing and agreed to pretrial detention.  ECF No. 16.

5.      On April 15, 2026, the parties jointly requested that the Defendant's April 17, 2026, arraignment date be continued until June 5, 2026. ECF No. 19. The Court granted this request and, at the parties' request, found excludable the time between April 15, 2026, and June 5, 2026.  ECF No. 20. On June 1, 2026, the parties jointly requested a second continuance, to July 31, 2026, to accommodate meetings between the parties and continued discussion of a potential pre-indictment resolution. ECF No. 22. The Court granted this request, and found excludable the time between June 5, 2026, and July 31, 2026.

6.      Since the Court's prior order, the Government has provided counsel for the Defendant with more than 200 gigabytes of discovery. The parties also remain in active discussions regarding a potential resolution of the case. The parties respectfully request that Machutadze's arraignment and preliminary hearing be continued by four weeks, until August 28, 2026, to allow counsel for the Defendant to fully review discovery and to permit the parties to continue their discussions.

7.      Under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In deciding whether to grant a continuance requested under this provision, the Court shall consider—among other factors—"[w]hether the case is so unusual or complex, due to the number of defendants, the

2

nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 19 U.S.C. § 3161(h)(7)(B)(ii).

8.      Here, the complex nature of the case—due not just to the scope and complexity of discovery, but also the existence of numerous related cases, as set out by the Government in its motion of March 10, 2026—strongly supports a continuance. Discovery in this matter is extremely voluminous, and review of that discovery is ongoing.

9.      Furthermore, permitting continued discussions between the Government and the defendant will provide the defendant with adequate time to consider whether he wishes to reach a pre-indictment resolution of this matter or to proceed to trial.

10.     The parties therefore respectfully request that the Court find that the period between the filing of this motion, on July 23, 2026, and August 28, 2026, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) on the basis of the Court's finding that: (1) the ends of justice served by the continuance outweigh the best interest of the public and Defendant in a speedy trial, and (2) the unusual complexity of the case requires additional time be allowed for the Defendant's preparation for trial and pretrial proceedings.

11.     Neither the Defendant, the public, the Government, nor the Court would be prejudiced by the granting of this motion. Defense counsel has consulted with Trial Attorney Claire Horrell, who indicates she joins in this motion to continue the arraignment and to exclude Speedy Trial time. Accordingly, the parties respectfully request that the Court set the Defendant's arraignment and preliminary hearing for August 28, 2026, or a date thereafter, and exclude under the Speedy Trial Act the time between the filing of this motion and the Defendant's continued arraignment and preliminary hearing.

Dated: July 23, 2026

Respectfully submitted,

/s/ Tony Mirvis
The Mirvis Law Firm, P.C.
Tony Mirvis, Esq.
18101 Collins Ave.
Sunny Isles Beach, FL 33160
(718) 938-7448 (Tel.)
(718) 228-8408 (Fax)
Mirvis.tony@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 23, 2026, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this

day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Tony Mirvis
Tony Mirvis, Esq.

4