**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-MJ-8086-BER**

**UNITED STATES OF AMERICA**

**v.**

**NIKA MACHUTADZE,**

**Defendant.**

______________________________/

**FIFTH JOINT MOTION TO CONTINUE ARRAIGNMENT AND FOR A FINDING OF EXCLUDABLE DELAY**

The United States of America ("Government"), together with Defendant Nika Machutadze ("Defendant"), hereby respectfully moves this Court for an order continuing the arraignment in the above-referenced matter to October 23, 2026, or a date thereafter, and finding excludable the time between the filing of the instant motion and the continued arraignment. As reasons therefor, the parties submit the following:

1. On January 30, 2026, the Defendant was arrested in the Western District of Texas on a criminal complaint charging him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). ECF No. 1; *see also United States v. Machutadze*, Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 1.

2. On February 2, 2026, the Defendant had his initial appearance in the U.S. District Court for the Western District of Texas. *United States v. Machutadze*, Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 3.

3. On February 11, 2026, the Western District of Texas ordered the Defendant committed to this District. Case No. 1:26-mj-00132-ML (W.D. Tex.), ECF No. 11. Upon motion of the Government, the Court set the Defendant's arraignment date for April 17, 2026, and found

that the period between the Defendant's commitment to the Southern District of Florida and his arraignment was properly excluded under the Speedy Trial Act. ECF No. 7.

4. On March 20, 2026, the Defendant had his initial appearance before this court, during which he waived his right to a detention hearing and agreed to pretrial detention. ECF No. 16.

5. On April 15, 2026, the parties jointly requested that the Defendant's April 17, 2026, arraignment date be continued until June 5, 2026. ECF No. 19. The Court granted this request and, at the parties' request, found excludable the time between April 15, 2026, and June 5, 2026. ECF No. 20. On June 1, 2026, the parties jointly requested a second continuance, to July 31, 2026, to accommodate meetings between the parties and continued discussion of a potential pre-indictment resolution. ECF No. 22. The Court granted this request, and found excludable the time between June 5, 2026, and July 31, 2026. On July 23, 2026, and August 24, 2026, the parties requested two further one-month continuances to accommodate continuing plea negotiations, meetings between the parties, and defense counsel's review of the voluminous discovery in this matter. ECF Nos. 25, 27. The Court granted these requests on July 23, 2026, and August 25, 2026, respectively. ECF Nos. 26, 28.

6. Since the Court's prior order, the parties have continued to actively engage in discussions regarding a pre-indictment resolution of the case. The parties respectfully request that Machutadze's arraignment and preliminary hearing be continued by an additional four weeks, until October 23, 2026, to allow for additional meetings between the parties. In addition, counsel for the Government is scheduled to be in trial starting September 22, 2026, in *United States v. Rodriguez*, Case No. 25-CR-80013-, before Judge Artau.

7. Under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the Speedy Trial Period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In deciding whether to grant a continuance requested under this provision, the Court shall consider—among other factors—"[w]hether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 19 U.S.C. § 3161(h)(7)(B)(ii).

8. Here, the complex nature of the case—due not just to the scope and complexity of discovery, but also the existence of numerous related cases, as set out by the Government in its motion of March 10, 2026—further supports a continuance. Discovery in this matter is extremely voluminous, and review of that discovery is ongoing.

9. Furthermore, permitting continued discussions between the Government and the Defendant will provide the defendant with adequate time to consider whether he wishes to reach a pre-indictment resolution of this matter or to proceed to trial.

10. The parties therefore respectfully request that the Court find that the period between the filing of this motion, on September 21, 2026, and October 23, 2026, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(ii) on the basis of the Court's finding that: (1) the ends of justice served by the continuance outweigh the best interest of the public and Defendant in a speedy trial, and (2) the unusual complexity of the case requires additional time be allowed for the Defendant's preparation for trial and pretrial proceedings.

11. Neither the Defendant, the public, the Government, nor the Court would be prejudiced by the granting of this motion. The Government has conferred with counsel for the

Defendant, who indicated he joins in this motion to continue the arraignment and to exclude Speedy Trial time. Accordingly, the parties respectfully request that the Court set the Defendant's arraignment and preliminary hearing for October 23, 2026, or a date thereafter, and exclude under the Speedy Trial Act the time between the filing of this motion and the Defendant's continued arraignment and preliminary hearing.

Dated: September 21, 2026

Respectfully submitted,

COLIN M. MCDONALD
Assistant Attorney General
National Fraud Enforcement Division

/s/ *Claire M. Horrell*
CLAIRE HORRELL
Florida Special Bar No. A5503342
Trial Attorney
Health Care Fraud Section
1400 New York Avenue NW
Washington, DC 20005
Phone: 202-285-5630
Email: claire.horrell@usdoj.gov